**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CARL E. McDONALD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1122 CAS |
| ) | |
| MISSOURI SEXUAL OFFENDER ) | |
| TREATMENT CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of Carl E. McDonald, a civil detainee at the Missouri Sexual Offender Treatment Center located in Farmington, Missouri (MSOTC), for leave to commence this action without payment of the required filing fee. [Doc. 1]. See 28 U.S.C. § 1915(a). Also before the Court are numerous motions filed by applicant [Docs. 4, 5, 6, 7, 8, 10, 11, 12, 14, 17, 19, 20, 21, 22, 23, and 26], including applicant's motion to "stay proceeding." [Doc. 27]

Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant applicant's motion to proceed in forma pauperis.

**The complaint**

Plaintiff's original complaint consists of eighty-seven handwritten pages, an eleven-page handwritten Appendix, and well over 200 pages of exhibits (which include copies of plaintiff's

numerous grievances, a copy of the report prepared in connection with plaintiff's annual examination of mental condition, MSOTC policies, and state regulations).

The complaint alleges violations of plaintiff's constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth amendments. The complaint lists forty-six separate claims, which are so broadly framed that the preceding 209 separately numbered allegations of the complaint are potentially separate claims for which plaintiff seeks relief. The numerous restrictions and conditions of confinement challenged in the original complaint range from the trivial and frivolous (e.g., that residents are allowed only two packets of sugar or sweetener regardless of beverage size; no videos or DVDs rated over PG-13 are allowed for viewing by detainees, etc.), to the potentially serious (e.g., that Catholic residents are denied religious services), and include claims that other judges of this Court have determined to be frivolous when asserted by other MSOTC detainees.[1]

Plaintiff is advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed. R. Civ. P. In order to conform to the requirements of Rule 8, plaintiff's complaint must contain "(1) a **short and plain** statement of the grounds upon which the court's jurisdiction depends . . . , (2) a **short and plain** statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) (emphasis added). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under federal "notice pleading" rules, a

---

[1]For example, in Bradford v. Semar, No. 4:04-CV-1711 CDP (E.D. Mo.), Judge Catherine D. Perry dismissed detainee's claim that MSOTC procedures for making an outside telephone call -- which procedure notifies the recipient that the call is from a civil detainee at MSOTC – violated both the detainee's privacy right and the Health Insurance Portability and Accountability ACT.

2

pleading need only be sufficient to place the opposing party on notice of the possible claims. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).

Although plaintiff is pro se, he must still comply with the orders of this Court and the Federal Rules of Civil Procedure. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988). Plaintiff's current complaint abjectly fails to meet the short and plain statement requirement of Rule 8(a) and is the opposite of "simple, concise, and direct." As such, plaintiff's complaint is subject to dismissal without prejudice for failure to comply with Rule 8(a).

On November 25, 2005, plaintiff filed another lengthy complaint, in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS (E.D. Mo.), which challenges many of the same restrictions and conditions as the original complaint in this action. Plaintiff has filed motions asking the Court to take certain actions such as to make copies of the entire file [Doc. 7], to issue subpoenas [Doc. 8], and to consolidate the instant action with yet another cause of action [Doc. 16], only to later ask the Court to strike these same motions [Doc. 26].

**Motion to Stay Proceedings**

On March 1, 2006, plaintiff filed a motion to stay proceedings, in which he informs the Court that he wishes to (1) amend the complaint in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS, to assert all of the claims raised in the instant complaint, and (2) voluntarily dismiss the instant action without prejudice, pursuant to Rule 41(a) of Federal Rules of Civil Procedure. Plaintiff states that he "intends to retain the submitted exhibits in this matter in order to sequester the entire exhibit file as evidence" in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS. Based on plaintiff's representations in the motion to stay

3

proceedings, the Court will refrain from reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), will rule on pending motions including by denying certain pending motions without prejudice, and direct the Clerk of Court not to issue process upon the instant complaint.

By separate order in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS, plaintiff will be ordered to file an amended complaint in No. 4:05-CV-2237, in the manner and the time directed by the Court's order. Plaintiff will also be ordered to file in No. 4:05-CV-2237 a list specifically identifying each and every exhibit he wishes to transfer from the instant case, No. 4:05-CV-1122 CAS, to the other action.

In the event plaintiff timely files an amended complaint in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS, the Court will dismiss the instant action without prejudice under Rule 41(a), Fed. R. Civ. P. In the event plaintiff fails to timely file an amended complaint in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS, the Court will dismiss the instant action without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure (which requires a "short and plain" statement of the case), and as duplicative of No. 4:05-CV-2237 CAS,[2] because plaintiff has indicated that the later-filed case is the one on which he wishes to proceed. See Mot. to Stay.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 1]

---

[2]See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953-54 (8th Cir. 2001) (plaintiff may not pursue multiple federal suits against same parties involving same controversy at same time).

**IT IS FURTHER ORDERED** that plaintiff's motion to stay proceedings is **GRANTED,** but said stay shall expire on **April 10, 2006**. [Doc. 27]

**IT IS FURTHER ORDERED** that no later than **April 10, 2006**, plaintiff shall file an amended complaint in <u>McDonald v. Missouri Sexual Offender Treatment Center</u>, No. 4:05-CV-2237 CAS, and a list specifically identifying each and every exhibit he wishes to transfer from the instant action to No. 4:05-CV-2237 CAS, as directed by separate order issued in No. 4:05-CV-2237 CAS.

**IT IS FURTHER ORDERED** that the Court will dismiss the instant action without prejudice under Rule 41(a), Fed. R. Civ. P., upon plaintiff's filing of an amended complaint in No. 4:05-CV-2237 CAS.

**IT IS FURTHER ORDERED** that in the event plaintiff fails to timely file an amended complaint in No. 4:05-CV-2237 CAS, the Court will dismiss the instant complaint without prejudice for failure to comply with Rule 8(a), Fed. R. Civ. P., and as duplicative of No. 4:05-CV-2237 CAS.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike is **GRANTED**. [Doc. 26]

**IT IS FURTHER ORDERED** that plaintiff's motions for copies of the entire file, for subpoenas, and to consolidate with <u>Strutton, et al. v. Blake, et al.</u>, No. 4:04-CV-616 DJS (E.D. Mo.), are **DENIED** as moot. [Docs. 7, 8, 16]

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his original complaint to add two missing pages (pages 11 and 17) is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion for the Court to take judicial notice that two pages were missing from the complaint due to an error is **DENIED** as moot. [Doc. 14]

5

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel are **DENIED** without prejudice. [Docs. 6, 10]

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate the instant action with McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-2237 CAS (E.D. Mo.), is **DENIED**. [Doc. 21]

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED without prejudice**. [Docs. 4, 5, 11, 17, 19, 22, and 23]

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of March, 2006.