# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARL E. McDONALD, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CV-1122 CAS |
| MISSOURI SEXUAL OFFENDER TREATMENT CENTER, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motion of plaintiff Carl E. McDonald, Jr., for a thirty-day extension of time in which to file an amended complaint in this matter. Plaintiff's motion will be granted. The Court previously ordered plaintiff to file an amended complaint in a different lawsuit, McDonald v. Missouri Sexual Offender Treatment Center, et al., 4:05-CV-2237 CAS (E.D. Mo.), after plaintiff filed a motion to stay that action and this case, and to file an amended complaint in No. 4:05-CV-2237 CAS. Plaintiff has now sought and has been granted leave to dismiss Case No. 4:05-CV-2237 CAS without prejudice.

The Court previously gave plaintiff certain instructions and restrictions in connection with its order that plaintiff file an amended complaint in Case No. 4:05-CV-2237 CAS. These instructions and restrictions apply fully to plaintiff's motion for additional time to file an amended complaint in the instant case, and are repeated here verbatim:

> Plaintiff is further cautioned that the Court will place limits on the length of the amended complaint that plaintiff may file in this action. Plaintiff is advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards, requires only a "short and plain statement of the claim showing that the pleader is

entitled to relief." Rule 8(a), Fed. R. Civ. P. In order to conform to the requirements of Rule 8, plaintiff's complaint must contain "(1) a **short and plain** statement of the grounds upon which the court's jurisdiction depends . . . , (2) a **short and plain** statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) (emphasis added). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under federal "notice pleading" rules, a pleading need only be sufficient to place the opposing party on notice of the possible claims. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).

Although plaintiff is pro se, he must still comply with the orders of this Court and the Federal Rules of Civil Procedure. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988). Plaintiff's current complaint abjectly fails to meet the short and plain statement requirement of Rule 8(a) and is the opposite of "simple, concise, and direct." As such, plaintiff's complaint is subject to dismissal without prejudice for failure to comply with Rule 8(a).

The Court will limit plaintiff to a twenty-page amended complaint. Because of this limitation, the amended complaint should focus on the most serious restrictions and conditions of confinement which are alleged to infringe on plaintiff's constitutional rights, and should avoid trivial and patently frivolous claims (such as that MSOTC limits the use of sugar sweetener, does not provide access to sewing machines, does not allow residents to carry a pocket comb, and serves only fat-free salad dressings, among many other frivolous claims included in plaintiff's complaint). The Supreme Court has instructed that federal courts must refrain from micromanaging the common incidents of life in detention, cf. Sandin v. Conner, 515 U.S. 472, 481 (1995) (prison context), and plaintiff is advised that this Court will not entertain trivial claims concerning conditions of confinement.

The Court reminds plaintiff that he has been found by a state court to be a "sexually violent predator" -- a person who suffers from a mental abnormality that makes him more likely to engage in predatory acts of sexual violence if not confined in a secure facility, and who also (1)had been found guilty of a sexually violent offense; (2) found not guilty by reason of mental disease or defect of a sexually violent offense; or (3) had been committed as a criminal sexual psychopath. See Mo. Rev. Stat. § 632.480(5)(a)-(b) (2000). The exhibits attached to the complaint indicate that plaintiff was convicted of sodomizing his seven-year old stepdaughter. Restrictions and conditions of confinement that are consistent with the legitimate goals of plaintiff's current detention, i.e., to protect society and treat plaintiff's mental condition, are not unconstitutional. Cf. Seling v. Young, 531 U.S. 250, 261 (2001) (confinement of sexually violent predator in segregated unit inside state's prison

> system did not violate detainee's rights because detainee was dangerous to the community).
>
> > While a plaintiff does not surrender all constitutional rights when he is lawfully held in detention, the fact of detention -- along with the legitimate goals and policies of the detention facility -- does cause the necessary withdrawal or limitation of many privileges and rights. See Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Supreme Court has stated that detention facility administrators should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve . . . institutional security . . . and, in the absence of substantial evidence in the record to indicate that officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Id. at 547-48. See, e.g., Bradford v. Semar, No. 4:04-CV-1711 CDP, slip op. at 4-7 (E.D. Mo. July 28, 2005) (dismissing as frivolous detainee's claim that MSOTC procedures for making an outside telephone call, which procedure notifies the recipient that the call is from a civil detainee at MSOTC, violated both the detainee's privacy rights and the Health Insurance Portability and Accountability Act).

See Mem. and Order of March 9, 2006 at 2-4, in McDonald v. Missouri Sexual Offender Treatment Center, et al., No. 4:05-CV-2237 CAS (E.D. Mo). Plaintiff's amended complaint to be submitted in this case must comply with the foregoing directions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion an extension of time to file an amended complaint in this matter is **GRANTED**. [Doc. 29]

**IT IS FURTHER ORDERED** that plaintiff shall file his amended complaint by **May 10, 2006**.

**IT IS FURTHER ORDERED** that no later than **May 10, 2006**, plaintiff shall file an amended complaint in this case, limited to a total of twenty (20) pages in length (including all attachments thereto), setting forth a short and plain statement of his claims and stating how each defendant is directly and personally responsible for the alleged violations of his constitutional rights.

Plaintiff may not attach to or seek to incorporate by reference into the amended complaint the original complaint submitted in this matter, the appendix to the original complaint, or the complaints filed in any of plaintiff's related actions.

**IT IS FURTHER ORDERED** that in the event plaintiff fails to timely file an amended complaint as directed herein, the Court will dismiss this action without prejudice for failure to comply with Rule 8(a), Fed. R. Civ. P., and for failure to comply with the orders of the Court under Rule 41(b), Fed. R. Civ. P.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of March, 2006.